Filed 8/14/26  P. v. Rish Investments CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RISH INVESTMENTS, INC.,<br><br>    Defendant and Appellant. | B341206, B344147<br><br>(Los Angeles County<br> Super. Ct. No. 23STCV18514) |

  APPEAL from judgments of the Superior Court of Los Angeles County, Alison Mackenzie, Judge.  Affirmed.

  Law Offices of Frank A. Weiser, Frank A. Weiser, for Defendant and Appellant.

  Hydee Feldstein Soto, City Attorney, Denise C. Mills, Chief Deputy City Attorney, Kathleen A. Kenealy, Chief Assistant City Attorney, Shaun Dabby Jacobs, Assistant City Attorney, and Merete Rietveld, Deputy City Attorney, for Plaintiff and Respondent.

———————————

Appellant Rish Investments, Inc. (Rish) appeals from a judgment entered against it in a lawsuit brought by the People pursuant to the Red Light Abatement Law (Pen. Code, §§ 11225–11235) (the B341206 appeal). Rish separately appeals from an amended judgment awarding costs to the People (the B344147 appeal). On our own motion, we have consolidated the appeals for purposes of oral argument and disposition. We affirm.

## BACKGROUND

Rish owns a property located on South Figueroa Street in Los Angeles (the property). Rish began operating the property as a motel in 2006. In October 2022, Rish leased the property to Gazi Islam and Ismat Islam, who then took over motel operations.

In August 2023, the People filed suit against Rish for violations of the Red Light Abatement Law. The complaint alleged that the property was a public nuisance within the meaning of the Red Light Abatement Law based on ongoing prostitution activity at the property. The complaint sought to enjoin Rish from allowing the property to be used as a public nuisance and to abate the nuisance by closing the property for one year.[1]

In February 2024, the People moved for summary judgment. In support of the motion, the People submitted evidence that Los Angeles Police Department (LAPD) officers had arrested numerous people for prostitution and violent crimes at or near the property. For example, according to LAPD detective Dana Harris, who had 35 years of law enforcement experience,

---

[1] The complaint also named Gazi Islam as a defendant. Gazi Islam defaulted and is not a party to this appeal.

2

the property was "one of the worst prostitution motels," and "criminals of all types . . . are not questioned, interfered with or in any way deterred by motel ownership, management or private security." Detective Harris declared that LAPD had conducted 16 investigations connected to the property, "resulting in at least that many prostitution-related arrests" and at least one arrest for sex trafficking of a minor. According to detective Harris, LAPD officers and attorneys from the Los Angeles City Attorney's Office (City Attorney) met with Rish's representatives in March 2022, discussed the illegal activity occurring at the property, and asked Rish to implement several measures to reduce crime. Detective Harris visited the property numerous times after that meeting and observed that "few, if any, of these measures were implemented."

In April 2024, Rish removed the case to federal district court, and the state court took the summary judgment motion off calendar. The district court remanded the case back to state court in June 2024.

Meanwhile, Rish and the Islams agreed to terminate their lease as to the property on September 1, 2023. In May 2024, Rish leased the property to Soul Housing, a non-profit homeless housing organization.

In July 2024, Rish filed its opposition to summary judgment. As relevant to this appeal, Rish argued that the City Attorney lacked authority to prosecute it because the Los Angeles City Council (City Council) had not directed the City Attorney to bring the action. Rish cited Code of Civil Procedure, section 731, which provides that "[a] civil action may be brought in the name of the people of the State of California to abate a public nuisance . . . by the city attorney of any town or city in which the

nuisance exists," and that the city attorney "shall bring an action . . . whenever directed by the . . . legislative authority of the town or city."[2]

Rish also asserted that the case was stayed as a matter of law because Rish had appealed the federal district court's remand order. Next, Rish contended that its due process rights had been violated because the People's summary judgment motion relied on some redacted materials. Rish also argued that the Red Light Abatement Law is unconstitutionally vague and overbroad. Finally, Rish asserted that any injunction or closure was unnecessary, because Rish had had abated the nuisance by terminating the Islams' lease and by entering a new lease with Soul Housing.

The trial court granted the People's summary judgment motion in August 2024. It rejected each of Rish's arguments. As for section 731, the court concluded that the statute gave a city attorney authority to bring suit to abate a nuisance in the city, even without a mandate from the local legislative authority. The court also concluded that Rish's appeal of the federal district court's remand order did not stay the post-remand state court proceedings. Next, the court acknowledged that Rish might have a due process right to receive unredacted evidence, but the court found no due process violation because it did not rely on any of the redacted materials in granting summary judgment. The court also rejected Rish's constitutional challenge to the Red Light Abatement Law. Finally, the court concluded that Rish's attempts to abate the nuisance after the complaint was filed did

---

[2]     All further undesignated statutory references are to the Code of Civil Procedure.

4

not preclude the court from finding that the property was a public nuisance and imposing an appropriate penalty.

The trial court entered a final judgment in favor of the People on September 13, 2024. The judgment found that the property constituted a public nuisance and ordered Rish to abate the nuisance. It also ordered the property to be closed for one year pursuant to Penal Code section 11230, subdivision (a)(1). Rish timely appealed from the final judgment.

The final judgment awarded costs to the People, but included a blank space for the amount, to be ordered in accordance with the People's memorandum of costs. The People filed a memorandum of costs on September 30, 2024. In November 2024, the trial court entered an "AMENDED (ONLY ADDING COSTS) FINAL JUDGMENT." Rish timely appealed from the amended judgment.

## DISCUSSION

### I. Legal framework and standard of review

The trial court may grant summary judgment if there are no triable issues of material fact and the moving party is entitled to judgment as a matter of law. (§ 437c, subd. (c); *Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.) We review an order granting summary judgment de novo. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860.) Many of Rish's arguments implicate questions of statutory interpretation and other pure questions of law, which we also review de novo. (*Smith v. LoanMe, Inc.* (2021) 11 Cal.5th 183, 190 (*Smith*).)

Rish also argues that the trial court abused its discretion by ordering the property closed for one year. We review that

5

aspect of the judgment for abuse of discretion. (*People ex rel. Sorenson v. Randolph* (1979) 99 Cal.App.3d 183, 190 (*Sorenson*).)

## II. Rish has not established any legal error

### A. Section 731 authorizes a city attorney to bring an action to abate a nuisance without a mandate from the local legislative authority

Rish first argues that the City Attorney lacked authority to bring a public nuisance suit against it under section 731. This argument turns on the interpretation of a statute, meaning our review is de novo. (*Redondo Beach Waterfront, LLC v. City of Redondo Beach* (2020) 51 Cal.App.5th 982, 993.)

"In construing a statute, a court's objective is to ascertain and effectuate legislative intent. [Citation.] To determine legislative intent, a court begins with the words of the statute, because they generally provide the most reliable indicator of legislative intent." (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 871.) "If the statute's text evinces an unmistakable plain meaning, we need go no further." (*Beal Bank, SSB v. Arter & Hadden, LLP* (2007) 42 Cal.4th 503, 508.)

Section 731 governs nuisance actions. It states that an action "may be brought in the name of the people of the State of California to abate a public nuisance, . . . by the city attorney of any town or city in which the nuisance exists." (§ 731.) Thus, by its plain language, the City Attorney has the authority and discretion to bring an action in the name of the People to abate a nuisance in the City of Los Angeles. That is precisely what the City Attorney did in this case.

The statute separately specifies that the "city attorney of any county or city in which the nuisance exists shall bring an

6

action . . . whenever directed by the legislative authority of the town or city." (§ 731.) Citing this language, Rish argues that under section 731, the City Attorney may not ever prosecute an action to abate a public nuisance without a mandate from the City Council. But this interpretation ignores the plain language in the statute, quoted above, expressly and unconditionally authorizing the City Attorney to bring such an action. Tellingly, Rish fails to even acknowledge this aspect of the statute, focusing on and quoting only the sentence describing the role of the local legislative authority. Interpreting section 731 in this manner would violate the "maxim of statutory interpretation that courts should give meaning to every word of a statute and should avoid constructions that would render any word or provision surplusage. [Citations.] 'An interpretation that renders statutory language a nullity is obviously to be avoided.' [Citation.]" (*Tuolumne Jobs & Small Business Alliance v. Superior Court* (2014) 59 Cal.4th 1029, 1038–1039.)

Rish also appears to argue that we should interpret the statute to require a legislative mandate for any nuisance abatement action brought by a city attorney, because this approach would protect property interests and ensure due process of law. But even if we agreed that this interpretation "is preferrable as a matter of public policy, it would be inappropriate for us to override the clear words of the statute . . . ." (*Bitner v. Department of Corrections & Rehabilitation* (2023) 87 Cal.App.5th 1048, 1064.)

7

## B. *The trial court did not err in declining to stay the case pending Rish's appeal of the remand order*

Next, Rish argues that the underlying lawsuit was stayed as a matter of law while Rish appealed from the federal district court's order remanding the case to state court. However, "[t]he appeal of a remand order does not deprive the state court of jurisdiction unless a stay is obtained from the federal court." (*People v. Bhakta* (2006) 135 Cal.App.4th 631, 636 (*Bhakta*).) Rish does not argue that it obtained such a stay.

Rish cites several federal authorities for the proposition that an appeal from a federal district court ruling stays proceedings in the district court. (Cf. *Coinbase, Inc. v. Bielski* (2023) 599 U.S. 736, 740 (*Coinbase*) ["a district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing"]; *Marrese v. American Academy of Orthopaedic Surgeons* (1985) 470 U.S. 373, 379 ["In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."].) But these authorities do not address whether related state court proceedings are stayed during an appeal from a remand order.[3]

---

[3] For the first time at oral argument, Rish asserted that the Fourth Circuit Court of Appeals interpreted *Coinbase* to require a stay not just in appeals involving arbitration, but also appeals from remand orders. (*City of Martinsville v. Express Scripts, Inc.* (4th Cir. 2025) 128 F.4th 265; but see *California ex rel. Harrison v. Express Scripts, Inc.* (9th Cir. 2025) 139 F.4th 763, 766, fn. 2, cert. den. *sub nom. Express Scripts, Inc. v. California* (2026) __ U.S. __ [146 S.Ct. 1507, 223 L.Ed.2d 507] [distinguishing *City of*

Rish also notes that "[o]nce a defendant complies with § 1446," which governs removal of civil actions, "a state court may not proceed 'further unless and until the case is remanded.' 28 U.S.C. § 1446(d)." (*BP P.L.C. v. Mayor and City Council of Baltimore* (2021) 593 U.S. 230, 240.) Here, the federal district court remanded the case, meaning the state court was permitted to proceed. Rish nonetheless asserts that *BP P.L.C.* held that this rule "includes appellate review" of the remand order. However, the case did not actually address or decide whether the state court lacks jurisdiction over a remanded case while the remand order is appealed to the federal court of appeals. We therefore follow *Bhakta* in concluding that the state court retained jurisdiction pending Rish's appeal of the remand order. (*Bhakta*, *supra*, 135 Cal.App.4th at p. 636.)

---

*Martinsville* and concluding *Coinbase* is limited to arbitration-related appeals].) Appellate courts ordinarily will not consider arguments raised for the first time at oral argument. (*Archdale v. American Internat. Specialty Lines Ins. Co.* (2007) 154 Cal.App.4th 449, 472.) Even if this point were not forfeited on that basis, we would still reject it. In *City of Martinsville*, the court held that once a party appeals from a remand order, the district court must refrain from mailing that order to the state court. (*City of Martinsville¸* at p. 271.) Because a state court cannot proceed until it receives the remand order, this rule effectively stays state court proceedings until the federal appeal is resolved. (*Id.* at p. 267; 28 U.S.C. § 1447, subd. (c).) But in this case, the district court mailed its remand order to the state court more than two weeks before Rish appealed from that order. Thus, even under *City of Martinsville*, the district court was permitted to mail the order at that time. And once the state court received the order, it was permitted to proceed. (28 U.S.C. § 1447, subd. (c).)

9

### C. Rish has not established any due process violation in connection with the People's evidence

Rish also argues that its due process rights were violated because the People's summary judgment motion relied on redacted documents. It is difficult to assess this argument because Rish failed to provide record citations to any of the redacted materials. (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 (*Hernandez*) [appellant's burden is to support arguments with record citations]; Cal. Rules of Court, rule 8.204(a)(1)(C) [same].) Rish's briefing also does not describe the redacted evidence, even at a high level; nor does it explain how the redactions impacted the proceedings below. Rish simply recites a litany of legal standards and asserts that those standards were violated, without applying the law to the facts of this case. This "conclusory assertion of legal error . . . results in forfeiture of the claim." (*Siskiyou Hospital, Inc. v. County of Siskiyou* (2025) 109 Cal.App.5th 14, 39; *Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1 [appellate court will not develop appellant's arguments].)

Even if Rish had not forfeited this point, we would still reject it. The trial court acknowledged that Rish might be entitled to unredacted versions of certain evidence, but the court expressly stated that it did not rely on any redacted materials in granting summary judgment for the People. And Rish has not argued, let alone established, that the judgment would have been affected if Rish had obtained the unredacted materials. Rish therefore has not demonstrated any prejudice. (*F.P. v. Monier* (2017) 3 Cal.5th 1099, 1108 [reviewing court may not set aside judgment based on nonprejudicial error]; Cal. Const., art. VI, § 13

10

[judgment will not be reversed in the absence of miscarriage of justice].)

### D. Rish has not established that the Red Light Abatement Law is unconstitutional

Rish next asserts that the Red Light Abatement Law is unconstitutionally vague and overbroad.  We determine the constitutionality of a statute de novo.  (*People v. Roberts* (2025) 114 Cal.App.5th 187, 193 (*Roberts*).)  " ' " 'A defendant challenging the constitutionality of a statute carries a heavy burden:  "The courts will presume a statute is constitutional unless its unconstitutionality clearly, positively, and unmistakably appears; all presumptions and intendments favor its validity." ' " [Citations.]' " (*Ibid*.)  We conclude that Rish has not met this high burden.

In relevant part, the Red Light Abatement Law provides that any building in which acts of "lewdness, assignation, or prostitution, are held or occur, is a nuisance which shall be enjoined, abated, and prevented . . . ."  (Pen. Code, § 11225, subd. (a).)  Rish first argues that the statute is facially unconstitutional because the terms lewdness, assignation, and prostitution are too vague to give notice of what conduct is proscribed.

A party seeking to establish that a statute is unconstitutionally vague on its face must establish that "the enactment is impermissibly vague in all of its applications."  (*Village of Estates v. Flipside, Hoffman Estates, Inc.* (1982) 455 U.S. 489, 495 (*Village of Estates*).)  Accordingly, "[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others."  (*Ibid*.)  "Under this 'as-applied inquiry first' rule, the facial challenge failed if the statute clearly applied to some or all

11

of the challenger's conduct." (*People v. Superior Court (J.C. Penney Corp., Inc.)* (2019) 34 Cal.App.5th 376, 401 (*J.C. Penney*).)

Here, the complaint alleged, and the trial court found, that Rish's property violated the Red Light Abatement Law based on prostitution activity. Rish does not dispute the trial court's finding that prostitution activity occurred at its property. As noted above, the Red Light Abatement Law specifies that a public nuisance exists, and must be abated, at any building in which acts of "prostitution, are held or occur . . . ." (Pen. Code, § 11225, subd. (a).) Thus, the trial court's unchallenged findings establish that Rish engaged in "some conduct that is clearly proscribed" by the Red Light Abatement Law. (*Village of Estates*, *supra*, 455 U.S. at p. 495.) Rish's facial challenge therefore fails. (*J.C. Penney*, *supra*, 34 Cal.App.5th at p. 401 [facial challenge fails "if the statute clearly applied to some or all of the challenger's conduct"].)

Rish primarily argues that the Red Light Abatement Law is facially unconstitutional because the term "assignation" is vague. It relies heavily on *Manning v. Municipal Court* (1982) 132 Cal.App.3d 825, 830 (*Manning*), in which the court reached that conclusion in assessing a different statute. But as we have discussed, this case does not implicate assignation. And even if the statute were unconstitutionally vague as applied to other owners of property at which assignations occurred, Rish "cannot complain of the vagueness of the law as applied to the conduct of others." (*Village of Estates*, *supra*, 455 U.S. at p. 495.)

Rish also observes that "arbitrary enforcement" is a "prominent component of the vagueness doctrine." However, Rish fails to apply this aspect of the doctrine to the Red Light Abatement Law or the facts of this case. "We may and do

12

'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.' " (*Hernandez, supra*, 37 Cal.App.5th at p. 277.)

Rish also claims that the Red Light Abatement Law is unconstitutionally overbroad, again citing *Manning, supra*, 132 Cal.App.3d 825. Although the appellant in *Manning* raised an overbreadth argument (*id*. at p. 828), the appellate court did not reach the issue. Rish otherwise fails to support its overbreadth argument with any legal authority or reasoned argument. We therefore reject this point as forfeited. (*Hernandez, supra*, 37 Cal.App.5th at p. 277.)

Finally, Rish argues that the Red Light Abatement Law is "void" on its face and as applied to the facts of this case because nobody was ever convicted of prostitution based on arrests made at the property. Rish also argues that it should not be held liable for conduct that occurred in private hotel rooms, because it did not know whether any crimes were being committed therein. Rish failed to cite any evidence in the record to support these assertions. (*Hernandez, supra*, 37 Cal.App.5th at p. 277 [appellant's burden is to support arguments with record citations].) And even assuming that the record supports these claims, Rish forfeited the point by again failing to explain why or how these circumstances render the statute void or unconstitutional. (*Ibid*. [appellate court may disregard conclusory arguments].)

In sum, Rish failed to overcome the presumption that the Red Light Abatement Law is constitutional. (*Roberts, supra*, 114 Cal.App.5th at p. 193.)

13

### E.    The trial court had jurisdiction to amend the judgment to award costs pending appeal

In the B344147 appeal, Rish argues that the trial court lacked jurisdiction to enter an amended judgment awarding costs while Rish's appeal from the original judgment (B341206) was pending.  We review this question of law de novo.  (*Smith, supra,* 11 Cal.5th at p. 190.)

Rish correctly observes that "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby . . . ."  (§ 916, subd. (a).)  But Rish omits the rest of this subdivision, which clarifies that "the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order."  (*Ibid*.)  "[A]n award of attorney fees as costs is a collateral matter which is embraced in the action but is not affected by the order from which an appeal is taken.  [Citations.]  Consequently, filing of a notice of appeal does not stay any proceedings to determine the matter of costs and does not prevent the trial court from determining a proper award of attorney fees claimed as costs."  (*Bankes v. Lucas* (1992) 9 Cal.App.4th 365, 369; *People v. Bhakta* (2008) 162 Cal.App.4th 973, 981 ["it is quite clear that the trial court had jurisdiction to hear and determine the issues of attorney fees and costs after the judgment had been entered"].)

Rish also argues that the cost award constitutes a substantial change to the judgment.  Even if true, this would not mean the court lacked jurisdiction to award costs—it would only impact the time to appeal and, potentially, appellate jurisdiction.  Specifically, a substantially amended judgment becomes the final appealable judgment in the matter.  But if the amendment is

14

insubstantial, the time to appeal runs from the original judgment.  (*Ellis v. Ellis* (2015) 235 Cal.App.4th 837, 842.)  Relatedly, when the court amends a judgment to include costs and attorney fees, the amended judgment is separately appealable.  (*Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 1007–1010 [court lacked jurisdiction over fee award in amended judgment because appellant failed to separately appeal therefrom].)  But the distinction makes no difference in this case, because Rish timely appealed from both the original judgment and the amended judgment.  Whether the amendment was substantial or not, we have jurisdiction over Rish's appeal from the cost award.

Rish contends that the cost award should be reversed, but this contention is entirely contingent on the success of Rish's arguments challenging the original judgment.  Because we affirm the original judgment, we also affirm the cost award in the amended judgment.

## II.    Rish has not established that the court abused its discretion in ordering the property closed for one year

Finally, returning to the B341206 appeal, Rish argues that the trial court abused its discretion by ordering the property closed for one year.  We find no abuse.

If the trial court finds that a nuisance exists in a Red Light Abatement Law action, "an order of abatement shall be entered as a part of the judgment in the case, directing . . . the effectual closing of the building or place against its use for any purpose, and that it be kept closed for a period of one year, unless sooner released."  (Pen. Code, § 11230, subd. (a)(1).)  Here, the trial court found that a Red Light Abatement Law nuisance existed.  Rish

15

does not challenge this finding on appeal.  Accordingly, Penal Code section 11230, subdivision (a)(1) required the trial court to enter an order of abatement closing the property for one year.

To be sure, the court had discretion to allow the property to re-open sooner.  (Pen. Code, § 11230, subd. (a)(1); *Sorenson*, *supra*, 99 Cal.App.3d at p. 190 [court has broad discretion to fashion remedy to abate a nuisance].)  But we find that the court did not abuse its discretion in declining to do so.  In finding that the property violated the Red Light Abatement Law, the court cited evidence of "rampant" prostitution activity at the hotel from 2017 to 2023 resulting in numerous arrests.  It also found that Rish met with LAPD officers and a Deputy City Attorney in March 2022 to discuss this illegal activity, and that Rish did not take remedial steps such as prohibiting hourly rentals or hiring a private patrol operator.  Rish does not dispute these findings on appeal.  Given the "history of police problems, and that prior warnings had gone unheeded," and in light of "the broad discretion conferred on trial courts in fashioning appropriate remedies to abate public nuisances [citation], we cannot say that closure for one year was inherently unreasonable, or an abuse of discretion." (*Sorenson*, at p. 190.)

Rish argues that the closure was unnecessary because it abated the nuisance by terminating its lease with the Islams and entering a new five-year lease with Soul Housing.  Rish fails to cite any evidence in the record to support this claim.  (*Hernandez*, *supra*, 37 Cal.App.5th at p. 277 [appellant's burden is to support arguments with record citations].)  We can discern from record that Rish did, in fact, terminate its lease with the Islams in September 2023; and in May 2024, Rish entered a new lease with Soul Housing.  But Rish has not identified or described any

16

evidence in the record establishing that these changes actually abated the nuisance at the property.  "The appellate court is not required to search the record on its own seeking error.  If a party fails to support an argument with the necessary citations to the record, the argument will be deemed waived." (*LA Investments, LLC v. Spix* (2022) 75 Cal.App.5th 1044, 1061.)

Finally, even assuming that Rish abated the nuisance in September 2023 or May 2024, we would still find no abuse of discretion.  Red Light Abatement Law actions "should be dismissed when a nuisance has been voluntarily abated in good faith before the complaint was filed." (*People ex rel. Gwinn v. Kothari* (2000) 83 Cal.App.4th 759, 766, fn. 3.)  The People filed suit in August 2023, meaning Rish did not attempt to abate the nuisance until after the complaint was filed.

## DISPOSITION

The final judgment and amended judgment are affirmed. Respondent is awarded its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

HANASONO, J.

We concur:

EGERTON, Acting P. J.

KARNOW, J.*

---

\*      Retired Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

18